William C. Hecht, Jr., J.
Crosstown Syndicate, Inc. (hereinafter referred to as Crosstown) moves for an order, pursuant to section 193-b of the Civil Practice Act, granting it leave to intervene as a party petitioner in the proceeding, heretofore brought by petitioner to review the real estate tax assessment for the tax year 1958-1959 on Block 565, Lot 29, Borough of Manhattan.
On January 25,1958, the taxable status date for the tax year 1958-1959, Crosstown was and presently is the owner of a long-term leasehold of the premises above referred to, pursuant to a lease from the owner of the fee, which requires it to pay all real estate taxes assessed on the property.
Petitioner, Fleetair, Inc., on this date was a sublessee for a term which was to expire on September 30, 1963, which sublease, as between it and Crosstown, obligated Fleetair, Inc., to pay the real estate taxes on the premises.
Petitioner, claiming to be aggrieved by the assessed valuation fixed for the tax year 1958-1959, filed application for correction and when it was denied instituted this proceeding for a reduction of the assessed valuation within the time fixed by the statute.
Difficulties arose between petitioner and Crosstown as a result of which petitioner was dispossessed from the premises. Crosstown was compelled to pay the real estate taxes assessed against the premises in the amount of $19,997.50 for the first half of the tax year 1958-1959. *504 Fleetair, Inc., has indicated it will discontinue the proceeding, and accordingly Crosstown made this application to intervene. The opposition of Fleetair, Inc. to the application has no substance.
The city’s opposition is based upon its claim that the right of Crosstown to intervene is barred by the time' limitation contained in section 166 of the New York City Charter. This section, however, does not bar the further prosecution by an intervenor, who is an aggrieved person, of a proceeding commenced in due time (People ex rel. Veegreen Holding Co. v. Sexton, 264 App. Div. 835 [1942], motion for leave to appeal denied 265 App. Div. 804; People ex rel. McFarland v. Sexton, 264 App. Div. 835 [1942], motion for leave to appeal denied 265 App. Div. 805).
Motion granted.
Settle order.